IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,657-02






EX PARTE LEE TATE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-10-10447-B IN THE 155TH DISTRICT COURT


FROM WALLER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to seventy-five years' imprisonment. The Tenth Court of Appeals affirmed
his conviction. Tate v. State, No. 10-01-239-CR (Tex. App. - Waco, Delivered August 4, 2003, no
pet.) 

 On May 3, 2006, this Court remanded to the trial court for further findings regarding
Applicant's claim that his trial counsel rendered ineffective assistance because he failed to prepare
for trial, advised Applicant to waive a jury trial, and failed to interview and call alibi witnesses who
would have testified that Applicant could not have committed the offense. 

 On remand, the trial court appointed counsel for Applicant and held a hearing. At the
hearing, five witnesses testified that they were available and willing to testify at Applicant's trial,
and that they would have testified that Applicant was in Houston at the time the offense was
committed in Sealy or Brookshire. The transcript of the habeas hearing is in the supplemental
record, but the trial court has not made any findings as to the credibility of the witnesses who
testified at the hearing. 

 The trial court has entered findings indicating that Applicant's original trial counsel is
deceased, and that the court cannot therefore make the findings requested by this Court on remand
regarding counsel's trial strategy and reasons for not calling the witnesses. The record before this
Court is insufficient to allow the Court to make a determination as to the resolution of Applicant's
claims. 

 Because Applicant has stated facts which might entitle him to relief, and because the first
remand did not result in a resolution of his claims, we again remand the cause to the trial court again
for supplementation of the habeas record. The trial court shall make findings regarding the
credibility of the witnesses who testified at the habeas hearing. The court shall also make findings
as to the date upon which Applicant's trial counsel died. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 11, 2006

Do not publish